## 19578.   FIELDS v. THE STATE.

BLOODWORTH, J.   The bill of exceptions in this case was certified by the judge on January 12, 1929, and was filed in the office of the clerk of the trial court on February 6, 1929. Not having been filed within fifteen days from the date of the certificate of the judge, in compliance with the mandatory requirements of the statute, the writ of error must be dismissed.   Civil Code (1910), § 6167; *Cook* v. *State*, 120 *Ga.* 137 (47 S. E. 562); *Pate* v. *Kister*, 28 *Ga. App.* 278 (110 S. E. 756).

  *Writ of error dismissed.   Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 9, 1929.   REHEARING DENIED MAY 14, 1929.

*F. H. Colley, Hugh E. Combs,* for plaintiff in error.
*M. L. Fells, solicitor-general,* contra.

ON MOTION FOR REHEARING.

BLOODWORTH, J.   A motion for a rehearing was made on the ground that the bill of exceptions was lost after the judge had certified to it on January 12, 1929, and that an order was signed January 30, 1929, establishing a copy of the lost paper, and a copy of the order appeared on the bill of exceptions.   This court can pass upon such questions as this only as they are shown by the record.   It is true that a copy of the lost bill of exceptions appears in the record, and on it an order dated January 30th, establishing it as a copy of the lost original, but when the order of this court dismissing the writ of error was written there was nothing in the record to show when the paper was lost, by whom it was lost, or when it was found, and nothing to show on what date the petition to establish the copy was filed.   So taking the record as it appeared when this court dismissed the writ of error, the order was correct. However, should we concede that it was error to dismiss the bill of exceptions (which we are far from doing), grant a rehearing, and vacate the order dismissing the writ of error, it would avail the plaintiff in error nothing, for we have examined the motion for a new trial as amended and find in it nothing that would require another trial of the case.

  *Rehearing denied.   Broyles, C. J., and Luke, J., concur.*